# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

Michael G. Postawko Jr., 533578   )
(full name)              (Register No).  )
_____ )
_____ )
                                 )
          Plaintiff(s).      )
                                 )
v.                             )   Case No._____
                                 )
Corizon Medical Services (CMS) )
(Full name)                       )
Missouri Department of      )
Corrections (Mo.D.O.C)    )
          Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.   Place of present confinement of plaintiff(s): as of Thursday July 7, 2016-Jefferson City Correctional Center

II.  Parties to this civil action:

Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Michael G. Postawko Jr.  Register No. 533578
Address (as of above stated date), Jefferson City Correction al Center, 8200 No More Victims Rd. Jefferson City, Mo. 65101-4539

B. Defendant Any and every Jane and or John Doe of Corizon Medical Services relative to the claims in this action
Is employed as the Medical Services Contractor for the Missouri Department of Corrections.
(SEE ALSO-Attachment to pg. 1)

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

III.    Do your claims involve medical treatment?        Yes  _X_        No _____

IV.    Do you request a jury trial?        Yes_____        No  _X_

V.    Do you request money damages?        Yes  _X_        No _____

State the amount claimed? deferred to the Court $ _____ / _____ (actual/punitive)

VI.    Are the wrongs alleged in your complaint continuing to occur?  Yes **X** No ___

VII.    Grievance procedures:

A.  Does your institution have an administrative or grievance procedure?
        Yes  _X_        No _____

B.  Have the claims in this case been presented through an administrative or grievance procedure within the institution?        Yes  _X_        No_____

C.  If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)

the Informal Resolution Request (first step of grievance process) is stamped received by Staff on November 5, 2015 and November 6, 2016 (on same document)-see attachment to pg. 2. Grievance is (attachment #2) EXHIBIT-2

D.  If you have not filed a grievance, state the reasons.

N / A

VIII.    Previous civil actions:

A.  Have you begun other cases in state or federal courts dealing with the same facts involved in this case? (SEE Attachment to Yes **X** No **X**
pg. 2)

B.  Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?        Yes  _X_        No_____

C.  If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: Michael G. Postawko Jr.        George Lombardi, et al.
        (Plaintiff)                        (Defendant)
(2) Date filed: November 18, 2015

2

(3) Court where filed: U.S. District Court, Western Dist. Mo.

(4) Case Number and citation: 15-4281-CV-C-NKL

(5) Basic claim made: Exposure to Environmental Tobacco Smoke

(6) Date of disposition: case still pending

(7) Disposition: _____ " _____ " _____ " _____
  (Pending) (on appeal) (resolved)

(8) If resolved, state whether for: N/A
  (Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.   Statement of claim:

A.   State here as briefly as possible the facts of your claim. **Describe how each named defendant is involved.** Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

I was tested positive for Hepatitis C several years ago by the Medical Services Contractor - Initially I voluntarily signed a refusal to receive treatment for this as at the time there were no symptoms evident - I was placed on Chronic care for this - I received injections to stop the disease from becoming or from Contracting Hepatitis A and B - Some years later symptoms consistent with Hepatitis C became evident - I requested treatment - Paperwork was completed by Doctor Davis for treatment - SEE Attachment to Pg. 3

B.   State briefly your legal theory or cite appropriate authority:

The Missouri Department of Corrections is obligated to provide adequate medical treatment and if their contracted Medical Services Provider does not treat a serious medical need then they still must provide such or they by deliberate indifference are as well guilty of not treating a serious medical need that they have been made aware of - SEE Attachment to pg. 3 for continuance

3

**X.** Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

Plaintiff requests the court order damages in the Plaintiff's favor that are punitive, compensatory, and any other the Court deems fair and injunctive relief.

**XI.** Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. N/A

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? Yes **X** No _____

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted. Missouri Protection and Advocacy Service, 9255 Country Club Dr., Jefferson City, Mo. 65109 and J.D.I. Advocacy Service in California (cannot find this address).

C. Have you previously had a lawyer representing you in a civil action in this court? Yes _____ No **X**

If your answer is "Yes," state the name and address of the lawyer. N/A

I declare under penalty of perjury that the foregoing is true and correct, and it's attachments.

Executed (signed) this 14th M.P. day of July 2016.

_Michael G. Postawko Jr._
Signature(s) of Plaintiff(s)

Michael G. Postawko Jr., #533578
Jefferson City Correctional Ctr.
8200 No More Victims Rd.
Jefferson City, Mo. 65101-4539

4

<u>Attachment to pg. 1</u>

Section II (B), Defendants:

And, the Missouri Department of Corrections and any and every employee of said Department that is in any and every way responsible for, in charge of, oversees, or in any and every relative way has anything what-so-ever to do with the hiring and or firing of, and or appointing, or ~~awards~~ M.A. awarding of, in any way, the contract and all related business of the medical contract of the Missouri Department of Corrections.

<u>Attachment to pg. 2</u>

Section VII (c), Grievance Filed:

- the grievance number is JCCC 15 2284.

- is a Category 5 (medical issue), refusal to treat a serious medical need, namely Hepatitis C (HCV).

- the first stage of the grievance process (IRR), went unresponded to by Medical Staff and Prison Staff.

- the second stage of the grievance process also went unresponded to, (Grievance).

- the third and final stage of the grievance process (Grievance Appeal) to date (thursday July 7, 2016) is also unresponded to and the entire process is some fifty plus days beyond the

5

maximum allowable time for responses, which is 180 days total, as per the Departments own Policy no. SOPD5-3.2 Offender Grievance, Effective Date March 10, 2008; Dave Dormire (signature on file).

Attachment to pg. 2

Section VIII (A): Previous civil actions:

Yes, because there is a previously filed 42 U.S.C. S5 1983, however, my Hepatitis is not the subject of the other suit; Environmental Tobacco Smoke is It's subject, and the Hepatitis is only an extinuating circumstance in this action. No, be-the main issues in that action and this one are two different issues.

Attachment to pg. 3, Statement of claim, cont'd:

~~the new drugs for~~ M.P. Section IX (A):

-the new drugs for treating Hepatitis are reported by the American Association for the study of Liver Disease and the Infectious Disease Society of America to have an extremely high rate of ~~com~~M.P. curing Hepatitis but they are also very expensive.

- there has been one excuse after the other by Corizon Medical Services, but to date (July 7, 2016) no treatment has been started and to the best of my knowledge no plans either to start any such treatment.

6

-the continuance of refusing to supply this treatment and the procrastination of starting this treatment are deliberate indifference and can only lead to the worsening of the diseases effects.

- on wednesday July 6, 2016 I sent the letter marked (attachment #1), EXHIBIT-1 (a notorized letter / affadavit) to the institutional grievance officer, Joseph Saint.

- on friday July 8, 2016 atme I received the response to the grievance appeal (at approx. 10:35 A.M.), only 2 days after mailing the above cited notorized letter informing Mr. Saint that the grievance process had gone well beyond its time for a final response, as per policy SOPD5-3.2, section III, Offender Grievance Policy. And thereby placing C.M.S. and the Mo. D.O.C. in violation of the Policy and shows that they collectively have abandon any defense of their deliberate indifference of failing to treat a serious medical need.

- as of July 8, 2016 treatment for the HCV (Hepatitis) is not initiated, and as per the response to the the grievance appeal by C.M.S. personnel it surely seems that no plans for any such do exist.

- Plaintiff does agree that he does infact attend the chronic care visits for HCV and Raynaud's Disease. These consist of having blood drawn once every six months and a follow-up visit by a

7

Doctor or a Nurse Practioner. However, this in no way constitutes treatment, but rather is a monitoring of the disease.

- My body is thoroughly racked with fatigue, and and my urine is often very dark, I constantly spit up thick phlegm, and suffer daily from abdominal pain. These upon information and belief are all symptoms of H.C.V. These also all have been brought to the attention of medical staff several times at the Chronic Care Visits.

Attachment to pg. 3

Section IX (B): CONT'D.:

DeShaney v. Winnebago County Dep't. of Social Servs., 489 U.S. 189, 199-200 (1989); Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.")

And a medical condition need not be life-threatening to be considered serious, Ellis v. Butler, 890 F.2d 1001, 1003 & n.1 (8th Cir. 1989).

The Supreme Court wrote that the Constitution prohibits officials from "intentionally denying or delaying acess to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

8

Prisoners who are denied adequate medical care and are in state or local institutions may use 42 U.S.C. S 1983 to sue private contractors, West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988).

The standard for deliberate indifference in an Eighth Amendment Claim as proscribed in Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994), is met in this Claim as C.M.S. and Mo. D.O.C. were all made aware of this need for treatment at the very least by way of the Offender Grievance Process that was timely filed at every stage and exhausted.

Hepatitis C (HCV) is clearly a serious medical problem, Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004).

The Americans With Disabilities Act (ADA) and Section 504 of the Rehabilitation Act also apply on infectious diseases and medical care for prisoners in general, Yeskey v. Penn. Dep't. of Corrs., 524 U.S. 206, 118 S.Ct. (1998).

42 U.S.C. S 12102 (2)(B) covers major bodily function, and, but not limited to, the liver, and Hepatitis is in fact a disease of the liver.

The Revised Statutes of Mo. chapter 217.040, 175, 320 also provides that adequate medical care be given to all prisoners.

9

Cases where Hepatitis C are validly stated claims under "deliberate indifference" clause are Johnson v. Wright, 412 F.3d 398 (2005); McKenna v. Wright, 386 F.3d 432 (2004); Rosado v. Alameida, 349 F.Supp.2d 1340 (2004).

Courts have defined "adequate" medical service as "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." Fernandez v. U.S., 941 F.2d 1488, 1493 (1991); U.S. v. DeCologero, 821 F.2d 39, 43 (1987).

The Supreme Court held that a doctor providing medical services under contract acted under color of state law. West v. Atkins, 487 U.S. 42, 54-57, 108 S.Ct. 2250 (1988).

The Supreme Court stated "state prisoners enjoy a right of action against private correctional providers under 42 U.S.C. § 1983." Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 n.5, 122 S.Ct. 515 (2001).

Cost of treatment not justifiable reason to withhold treatment, and such omissions support deliberate indifference claims. Kruger v. Jenne, 164 F.Supp.2d 1330, 1334 (2000); Rosado v. Alameida, 349 F.Supp.2d 1340 (2004).

(allegation that HIV medication was changed solely for reason of cost, without medical reason, stated a de-

10

liberate indifference claim), <u>Taylor V. Barnett</u>, 105 F.Supp. 2d 483,489 & n.2 (2000).

The Court held that costs alone should not impede the provision of necessary care, and added that "the Ninth Circuit expects lower courts to protect physical harm [sic] to an individual over monetary costs to government entities." <u>Rosado v. Alameida</u>, 349 F.Supp. 2d 1340, 1348 (2004).

The defense of qualified immunity not available to employees of a private corporation or other private defendants, <u>Richardson v. McKnight</u>, 521 U.S. 399, 412, 117 S.Ct. (1997).

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Michael G. Postawko Jr. 533578 )
  Plaintiff     REGISTER NO. )
)
V., )
Corizon Medical Services (CMS) )  case no.
  Defendants, )
)
Missouri Department of )
Corrections (Mo.D.O.C.) )
  Defendants. )
)

## COMPLAINT

These claims are a Civil Action under 42 U.S.C. §§ 1983. All Defendants have acted "under color of state-law."

## I. Jurisdiction

1.) This Court has jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2.) This Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. 1367.

## II. VENUE

3.) The Western District of Missouri is an appropriate venue under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PARTIES

4.) Plaintiff is Michael Glenn Postawko Jr., #533578 currently an inmate at Jefferson City Correctional Center.

1

5.) Defendants are Corizon Medical Services (CMS), also known as Correctional Medical Services (CMS), upon information and belief also known as Horizon Medical Services (HMS). C.M.S. is a medical services provider contracted to the Mo. Department of Corrections to provide all of the medical care. Also, any and every Jane and or John Doe that is employed by C.M.S. that is or has been, in any way involved in any portion of my medical treatment and the lack of treatment that is in any way relative to the claims in this Civil Actions. In their individual capacities for damages and in their official capacities for injunctive relief.

6.) The Missouri Department of Corrections, and M.P. are also named as defendants, and any and every Jane and or John Doe that is employed by the Mo.D.O.C., and any and every overseer of Mo. D.O.C. that is in any way responsible when the Department of Correction's Medical Services Contractor does not provide the required or adequate medical care. In their individual capacities for damages, and in their official capacities for injunctive relief.

IV. FACTUAL ALLEGATIONS

7.) There is a substantial risk of serious harm even potential fatality from inadequate medical treatment.

2

8.) Several years ago plaintiff tested positive for Hepatitis C (HCV). Do not recall exact date.

9.) Initially Plaintiff voluntarily signed a refusal to receive treatment for HCV as at the time I was very surprised by this news and there were no obvious symptoms.

10.) Plaintiff was then placed on Chronic Care for monitoring and given the injections to keep from contracting Hepatitis A and B.

11.) There is a very large number of HCV positive people in this prison, and upon information and belief also a very large number throughout Missouri's Prison Population.

12.) Some few years later symptoms consistent with HCV became evident and treatment was then requested by the methods prescribed in Policy to obtain treatment and at the Chronic Care visits.

13.) In the Plaintiff's presence Dr. Davis did complete the paperwork for treatment and gave me some papers explaining the seriousness of this treatment and the commitment required for it.

14.) The new oral drugs for treating HCV are reported by the American Association for the Study of Liver Disease and the Infectious Disease Society of America to have an extremely high rate of curing

3

Hepatitis C, but they are also very expensive.

15.) There has been one excuse after the other by C.M.S. to not treat or to delay this treatment such as a low A.P.R.I. number, an isolated high A.P.R.I. number, and "we can only do 5 patients at a time," but to date (July 9, 2016 and counting) no actual treatment has been started.

16.) There is nothing to date that would reasonably say me that this treatment will be forthcoming any time soon either (today is July 9, 2016).

17.) Refusal and or procrastination of starting this treatment can only worsen the diseases effects and is textbook deliberate indifference.

18.) Wednesday July 6, 2016 the letter marked (attachment #1) EXHIBIT-1 was sent (notorized letter to Joseph Saint, institutional grievance officer).

19.) Friday July 8, 2016 Plaintiff received the grievance appeal response—2 days after sending the above cited letter (18.), in which I informed Mr. Saint that the grievance process had gone well beyond it's time for a final response, as per Policy SOPD5-3.2, section III OFFENDER GRIEVANCE POLICY. Along with a list of other Policy violations during their handling of grievance no. JCCC 15 2284 - SEE list under answer to Section VII (c). And that these violations place C.M.S. and Mo.D.o.C. outside of meeting the criteria for processing this grievance and

4

Shows they've collectively abandon any defense of their deliberate indifference of failing to properly treat a serious medical need.

20.) Plaintiff does attend Chronic Care Visits for HCV and Raynauds Disease. These consist of having blood drawn every six months and a follow-up visit by a doctor or nurse practioner. This is not treatment, but rather, a monitoring of the disease.

21.) My body is thoroughly racked with fatigue, and my urine is often very dark and at times appears to have traces of blood in it; I have mild fever once or twice "everyday", I have abdominal pain and joint pain, these symptoms are consistent with HCV, says Center for Disease Control and Prevention (CDC).

22.) Plaintiff is a white male, age 55. Suffers also from Raynaud's Disease - receives pills for this, and Esophageal Reflux - receives pills for this, and Chronic Severe Tobacco Allergy - receives several medications for this, has also been diagnosed to have Latent Tuberculosis. Medical files should confirm these.

23.) A nurse did call me in one day to attempt a discussion for ~~this~~ ᵐ·ᵖ· Informal Resolution Request but the grievance had already been filed as she indicated this statement on the I.R.R. - This is why in one part of this claim I've said "I allow the I.R.R. to have been answered"

5

yet in other parts I've stated the I.R.R. was not re-
sponded to, technically the I.R.R. could not have been
responded to since the grievance had already been
filed as a result of the I.R.R. being late and time
barred by policy for it's response — in fairness I
submit these facts as I know them to be.

24.) The grievance itself was not responded to and I
presume it to have been lost since I was not
given a copy of it even after I requested such
see (attachments #4,5,6) EXHIBITS — 4,5,6. These
are 2 more violations of the GRIEVANCE POLICY.

25.) The whole grievance process went some 50 plus
days beyond the 180 days allowed. This is
completely beyond reason and explanation.

26.) On January 7, 2016 Plaintiff spoke to Dr. Proctor who
also said the new oral drug treatment was going to
happen — that was seven months ago again no treat-
ment yet — SEE (Attachment #8) EXHIBIT-8 — white pass
is proof of this M.R. this meeting.

Defendant's Deliberate Indifference / Inadequate
Medical Care :

27.) Defendants are refusing / delaying treatment
of HCV, a serious medical need and a disease
covered under the Americans With Disabilities
Act (A.D.A.).

6

28.) C.M.S. has been aware of this condition for years ever since they told me I was positive and has no basis for a pleading that they had no prior knowledge of this serious medical need.

29.) Mo. D.O.C. has known of this condition at least through their own grievance system and still has not ordered this treatment to be given, thus they also have no basis for a pleading of no prior knowledge of this serious medical need.

30.) The need for this treatment is ongoing and worsening. July 9, 2016.

31.) The very high cost of these drugs is in no way any fault of mine and I should not be made to suffer as a result of cost. This cost is an obvious and logical reason for this denial of medical treatment.

32.) This delay and or refusal to treat poses an ongoing substantial risk of serious harm.

33.) HCV, Raynaud's Disease, Esophageal Reflux, Chronic Allergies (respiratory ailments) that Plaintiff does suffer from are all covered under the A.D.A.

34.) The Federal A.D.A. and Section 504 of the Rehabilitation Act do apply to prisoners and the Defendants also deny any rights these afford. And Plaintiff is decreed permanently partial disabled see Mo. Workers Comp. case no. 95-181258, date 11-14-95.

7

This Court does have Supplemental Jurisdiction over Plaintiff's Americans with Disabilities Act claims. The following is but a sample from a long list of A.D.A. cases heard in U.S. District Courts: Armstrong v. Davis, 275 F.3d at 859; Arlt v. Missouri Dept. of Correction, 229 F.Supp. 2d 938 (2002); Kruger v. Jenne, 164 F.Supp. 2d 1330 (2000); Williams v. Illinois Dept. of Corrections, 1999 WL 1068669 (1999); Mason v. Correctional Medical Services, Inc., 559 F.3d 880 (8th Cir. 2009); Canell v. Multnomah County, 141 F.Supp. 2d 1046 (2001), and etc., etc.

Authorities governing the A.D.A., 42 U.S.C. §12101 et seq.; 42 U.S.C. §12102 (2)(A); 42 U.S.C. §12132; 29 U.S.C.§794; Section 504 Rehabilitation Act; and etc.

## V. EXHAUSTION

35.) Plaintiff has exhausted all available administrative remedies regarding the issues described in this complaint, and pursuant to the Mo. D.O.C.'s. OFFENDER GRIEVANCE POLICY SOPD5-3.2. (Attachment #2) EXHIBIT-2 is a copy of the Informal Resolution Request and the Grievance Appeal. The grievance was refused to be supplied and is presumed lost by the prison. However, the text of the grievance is very similar to the text of the appeal.

## VI. CAUSES OF ACTION

36.) Plaintiff supports the following claims by reference to the previous paragraphs of this complaint.

8

## COUNT ONE

37.) The deliberate indifference of all Defendants of not treating a serious medical need (Hepatitis C).

## COUNT TWO

38.) The continued deliberate indifference of all Defendants of allowing the medical need to remain untreated and to worsen, possibly even become fatal.

## COUNT THREE

39.) The deliberate indifference of all Defendants of depriving the Plaintive of all or any rights afforded him under the Americans With Disabilities Act and Section 504 of The Rehabilitation Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.) Declare that the acts and omissions described herein violated the Plaintiff's rights under the U.S. Constitution and laws of the United States.

2.) Enter preliminary and permanent injunctions ordering the Defendants to immediately begin treatment of the Plaintiff's Hepatitis C. Pursuant to Fed.R.Civ.P. 65(a).

3.) Enter preliminary and permanent injunctions ordering the m.? to install and monitor, control measures that will prevent delay and or denial of treatment for infectious diseases, by the Defendants in the future.

4.) Plaintiff respectfully requests this Court act promptly and swiftly on the injunctive reliefs as they are matters of Plaintiff's worsening health.

9

5.) Enter judgement in favor of Plaintiff for nominal, compensatory, and punitive damages, as allowed by law, against each Defendant, jointly and severally.

6.) Order such additional relief as this Court may deem just and proper.

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct as I can possibly make it to be. Executed on ~~July 13, 2016~~ M.P. July 14th, 2016.

Michael G. Postawko Jr.
#533578
Jefferson City Correctional Ctr.
8200 No More Victims Rd.
Jefferson City, Mo. 65101-4539



STACY LAIRMORE
My Commission Expires
October 20, 2019
Callaway County
Commission #15254660

*Stacy Lairmore*

10

## Certificate of Service

I hereby certify that on July 14th, 2016 _____ I did submit a copy of the forgoing 37 pages with the librarian of this prison to be filed with the Clerk of the Court using the CM/ECF electronic notification system, and sent copies of the forgoing by way of the prison's mailbox for U.S. Postal Service to:

Corizon, Missouri Regional Office
3702 W. Truman, Suite 104
Jefferson City, Mo. 65109
          and
Missouri Department of Corrections
2729 Plaza Dr.
P.O. Box 236
Jefferson City, Mo. 65102
  (Central Office)

Michael G. Postawko Jr.
#533578
Jefferson City Correctional Ctr.
8200 No More Victims Rd.
Jefferson City, Mo. 65101-4539

11

Michael G. Postawko #533578
Jefferson City Correctional
8200 N° More Victims Road
Jefferson City, Mo. 65101-4539

CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

MAILED FROM
JEFFERSON CITY
CORRECTIONAL CENTER

United States
WESTERN District of Missouri
400 EAST 9th Street
Room 1510
Kansas City, Mo.
64106

United States DISTRICT COURT