# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL G. POSTAWKO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-4219-CV-C-NKL-P |
| CORIZON MEDICAL SERVICES, et al., | ) |
| Defendants. | ) |

### ORDER SEVERING AND DISMISSING CERTAIN DEFENDANTS AND DIRECTING DEFENDANT CORIZON TO ANSWER OR OTHERWISE RESPOND

Plaintiff, who is incarcerated at the Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983. Due to insufficiencies in Plaintiff's original complaint, this Court's August 9, 2016, Order, directed Plaintiff to file a superseding amended complaint setting out "sufficient facts to show exactly who is involved in his claims and what each individual defendant specifically did or failed to do in violation of Plaintiff's federally protected rights." Doc. 6, p. 3. Plaintiff submitted a superseding amended complaint on August 22, 2016. Doc. 9. Because Plaintiff no longer names the Missouri Department of Corrections as a defendant, the Missouri Department of Corrections will be severed and dismissed from this case.

**Standard**

Even though Plaintiff has been granted leave to proceed *in forma pauperis*, the Court shall review Plaintiff's complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). An action is legally "frivolous" within the meaning of Section 1915 if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**Plaintiff Amended Complaint**

In his superseding amended complaint, Plaintiff names the following Defendants: (1) Corizon Health, Medical Services ("Corizon"); (2) Missouri Department of Corrections Director George Lombardi; and (3) JCCC Warden Jay Cassady. Doc. 9, pp. 1, 5, 13-16. Plaintiff's amended complaint alleges as follows.

In 2012, Plaintiff tested positive for Hepatitis C ("HCV"). *Id*. at 16. Upon Plaintiff's diagnosis, Plaintiff voluntarily signed a refusal to receive treatment. *Id*. Plaintiff was then placed in the Chronic Care Clinic for monitoring of his HCV infection, where he was given injections so that he would not contract Hepatitis A and B. *Id*. at 17. Approximately 1.5 to 2 years after he refused treatment, Plaintiff requested treatment at a chronic care visit from Dr. Davison. *Id*. Although Dr. Davison completed a packet of papers to start the process and explained the treatment, "the treatment never happened." *Id*.

Harvoni and Sovaldi are new oral drugs that have been developed to treat HCV. *Id*. Plaintiff has received various denials of these drugs by Corizon, including "low A.P.R.I number," "isolated high A.P.R.I. number," and "we can only do 5 patients at a time." *Id*. at 18. To date, Plaintiff has not received treatment for HCV. *Id*. Nevertheless, Corizon continues to monitor his HCV infection and Raymund's Disease by drawing blood every six months and issuing follow-up visits by a doctor or nurse practitioner. *Id*. Plaintiff suffers from fatigue, dark urine with traces of blood, fever, abdominal pain, joint pain, and severe headaches. *Id*. at 18-19. He is given Sumatriptan and Propranolol HCL for these symptoms, which are "about 50-60% affective [sic]." *Id*. at 19. On January 7, 2016, Plaintiff saw Dr. Proctor and was led to believe that treatment would begin, but it has not. *Id*.

Plaintiff has attempted to file grievances on these issues, but he has either not received timely responses or received respondes that violated prison policy. *Id*. at 20-22. Plaintiff suspects that the HCV treatment is being withheld by Corizon "because of it's [sic] high cost." *Id*. at 22, 24-25.

Plaintiff alleges that Corizon has a "custom or policy of not providing adequate treatment for Hepatitis positive patients" for "capital gain." *Id*. at 26. Plaintiff alleges that the policy reflects Corizon's larger "custom or policy of opting to save money over providing adequate medical treatment." *Id*.

Plaintiff claims that Defendant Lombardi "is responsible for overseeing every facet of his department, and ensuring that his sub-ordinates follow his orders and directives." *Id*. at 27. Plaintiff alleges that Defendants Lombardi and Cassady are "departmental administers" and are required under state law to provide necessary medical care, which they have failed to do. *Id*. at 28-29. Plaintiff also alleges that Defendant Cassady failed to co-sign an offender grievance. *Id*. at 30.

Plaintiff raises the following six claims: (1) Corizon has a custom or policy of not adequately treating Hepatitis patients; (2) Corizon has a custom or policy of denying or delaying expensive medical treatment; (3) Corizon's customs or policies have caused unnecessary and wanton infliction of pain; (4) Corizon's customs or policies have caused an unreasonable risk of serious damage to Plaintiff's health; (5) Defendant Lombardi has a "long established omission of not properly overseeing and not properly directing and not correcting any deficiencies of his medical services provider;" and (6) Defendants Lombardi and Cassady have a "long-standing omission of not providing adequate medical treatment that meets current and proper standards in the voids created by their medical services provider." *Id*. at 30-31. For relief, Plaintiff requests unspecified monetary relief and various forms of injunctive relief. *Id*. at 2, 4, 31-32

## Discussion

**I. Plaintiff fails to state a claim against Defendants Lombardi and Cassady.**

As to Plaintiff's claims against Defendants Lombardi and Cassady, "[l]iability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). A supervisor's "mere knowledge of his subordinate's" illegal acts is an insufficient basis

3

for Section 1983 liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Thus, a claim based on a theory of *respondeat superior* is not an actionable claim under Section 1983. *Iqbal*, 556 U.S. at 676 (vicarious liability is inapplicable to Section 1983 suits); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). There also is no violation of Section 1983 for the mere violation of a duty under state law, failure to process grievances, or failure to follow prison policy. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Cain v. Norris*, No. 5:05CV00282, 2005 WL 3006843, at. *3 (E.D. Ark. Oct. 19, 2005) ("Failing to rule on Plaintiff's behalf is simply not a constitutional violation in the absence of other allegations or evidence."), *aff'd*, 193 F. App'x 642 (8th Cir. 2006).

Plaintiff fails to allege sufficient factual content indicating Defendant Cassady and Lombardi's direct personal involvement in his federal claims. Instead, Plaintiff makes conclusory allegations against Defendants Lombardi and Cassady regarding their positions of authority in the Missouri Department of Corrections, including that Defendant Lombardi "is responsible for overseeing every facet of his department, and ensuring that his sub-ordinates follow his orders and directives," and that Defendants Lombardi and Cassady are "departmental administers" required under state law to provide necessary medical care. Doc. 9, pp. 27-31. Because Plaintiff is contending that Defendants Cassady and Lombardi are involved in the denial of Plaintiff's federally protected rights merely due to their supervisory roles, Plaintiff is attempting to state a claim against them under a theory of *respondeat superior*, which is not actionable under Section 1983. Similarly, Plaintiff's allegations that Defendants Cassady and Lombardi did not respond favorably to his grievances or have failed to fulfill their duties under state law fail to state claims. Because Plaintiff fails to state a claim against Defendants Cassady and Lombardi, they will be severed and dismissed from this case.

4

**II. Defendant Corizon will be directed to answer or otherwise respond.**

Granting a liberal construction to Plaintiff's claims against Defendant Corizon, *see Haines v. Kerner*, 404 U.S. 519 (1972), they do not appear to be totally frivolous or maliciously raised. If the allegations in the complaint are proven, Plaintiff has a reasonable opportunity to prevail on the merits of this action. 42 U.S.C. § 1997e(g)(2). Accordingly, Defendant Corizon will be directed to answer or otherwise respond to Plaintiff's allegations.

Accordingly, it is **ORDERED** that:

(1) the Clerk of the Court add George Lombardi and Jay Cassady as defendants in this case;

(2) Defendants Missouri Department of Corrections, Lombardi, and Cassady are severed and dismissed from this case;

(3) Corizon, Inc. notify the Court, in writing, within 30 days from the date of this Order, as to whether they will or will not waive service of process; and

(4) Defendant Corizon answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within 60 days from the date of this Order if service of process is waived, or within 21 days after service of process if service of process is not waived.

 /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: August 30, 2016 .