UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL G. POSTAWKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:16-CV-04219-NKL |
| | ) |
| CORIZON MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST
## FOR TRIAL BY JURY OF DEFENDANTS CORIZON HEALTH, INC.

COMES NOW Defendant Corizon, LLC, misnamed Corizon Health, Inc., ("Defendant"), by and through its counsel J. Thaddeus Eckenrode of Eckenrode-Maupin, and answers Plaintiff's Amended Complaint (Doc. 9) as follows:

### SECTION I – PLACE OF PRESENT CONFINEMENT

Defendant admits that Plaintiff is currently incarcerated at Jefferson City Correctional City at the address set forward in Section I of the Amended Complaint.

### SECTION II – PARTIES TO THIS CIVIL ACTION

A. Defendant admits that Plaintiff is currently incarcerated at Jefferson City Correctional City at the address set forward in Paragraph A of Section II in the Amended Complaint.

B. Defendant denies that its correct legal name is "Corizon Health Medical Services," or "Correctional Medical Services." Defendant's correct legal name is Corizon, LLC. Defendant admits it has contracted with the Missouri Department of Corrections ("MDOC") to

provide medical services. All remaining allegations contained in Paragraph B of Section II are denied.

C. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph C of Section II, and Plaintiff is left to his proofs.

D. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph D of Section II, and Plaintiff is left to his proofs.

### SECTION III – MEDICAL TREATMENT

Upon information and belief, Defendant admits that Plaintiff's claims involve medical treatment. Defendant denies that Plaintiff states cognizable claims under state or federal law for which he can recover against Defendant. All remaining allegations contained in Section III are denied.

### SECTION IV – JURY TRIAL

No response appears necessary to Section IV.

### SECTION V – MONEY DAMAGES

Defendant denies that Plaintiff is entitled to money damages or any other form of relief.

### SECTION VI – ALLEGED CONTINUING WRONGS

Defendant denies that Plaintiff was subjected to wrongs at any time.

### SECTION VII – GRIEVANCE PROCEDURES

A. Defendant admits to the allegations contained in Paragraph A of Section VII.

B. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B of Section VII, and Plaintiff is left to his proofs.

C. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph C of Section VII, and Plaintiff is left to his proofs.

D. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph D of Section VII, and Plaintiff is left to his proofs.

## SECTION VIII – PREVIOUS CIVIL ACTIONS

A. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph A of Section VIII, and Plaintiff is left to his proofs.

B. Upon information and belief, Defendant believes that Plaintiff has filed other lawsuits in the past concerning the conditions of his confinement and/or treatment while incarcerated.

C. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph C, including subparts (1) through (8), and Plaintiff is left to his proofs.

## SECTION IX – STATEMENT OF CLAIM

A. Defendant asserts that Plaintiff's Amended Complaint appears to contain an entirely separate Complaint with multiple sections setting forth facts. While he represents that his "Statement of Facts" under this section Section IX begin at Page 10, there are no allegations of fact there, only legal theory. Consequently, Defendant *denies* all allegations contained in Paragraph A of Section XI to the extent such allegations exist. Defendant will respond to the factual allegations contained in the separate amended complaint below.

B. Defendant responds to the allegations contained at p. 10 that appear to be a continuation of Paragraph B to Section XI of the Amended Complaint as follows:

1. Defendant denies that it acted with deliberate indifference to Plaintiff's serious medical needs or otherwise inflicted pain in violation of the Eighth Amendment. All remaining allegations contained in Paragraph B(1) are denied.

2. Defendant denies that it has refused prisoners adequate medical care or that Plaintiff states a valid claim under 42 U.S.C. § 1983 against Defendant. All remaining allegations contained in Paragraph B(2) are denied.

3. Defendant denies that Plaintiff states a valid claim under the American with Disabilities Act or Section 504 of the Rehabilitation Act. All remaining allegations contained in Paragraph B(3) are denied.

4. Defendant denies that Plaintiff states a valid claim for deliberate indifference to his serious medical needs for failure to treat HCV. All remaining allegations contained in Paragraph B(4) are denied.

5. Defendant denies that Plaintiff has been refused HCV treatment for improper motives or in deliberate indifference to his serious medical needs. All remaining allegations contained in Paragraph B(5) are denied.

6. Defendant denies that Plaintiff has been provided a course of care for his HCV that constitutes deliberate indifference to his serious medical needs. All remaining allegations, including all subparts contained therein, in Paragraph B(6) are denied.

7. Defendant denies the allegations contained in Paragraph B(7).

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B(8), and Plaintiff is left to his proofs.

9. Defendant denies the allegations contained in Paragraph B(8) as an inaccurate statement of law.

10. Defendant denies the allegations contained in Paragraph B(10).

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B(11), and Plaintiff is left to his proofs.

12. Defendant denies that it or its providers refused Plaintiff adequate medical care. All remaining allegations contained in Paragraph B(12) are denied.

13. Defendant denies that it or its providers delayed Plaintiff appropriate medical treatment and further deny that any delay caused Plaintiff harm. All remaining allegations contained in Paragraph B(13) are denied.

14. Defendant denies that it or its providers ignored any of Plaintiff's obvious and serious medical needs. All remaining allegations contained in Paragraph B(14) are denied.

15. Defendant denies the allegations contained in Paragraph B(15) as not medically accurate. All remaining allegations contained in this Paragraph are denied.

16. Defendant denies the allegations contained in Paragraph B(16).

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B(17), and Plaintiff is left to his proofs.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B(18), and Plaintiff is left to his proofs.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph B(19), and Plaintiff is left to his proofs.

20. Defendant denies the allegations contained in Paragraph B(20) and all subparts, (1) through (5), therein.

## **SECTION X – RELIEF**

Defendant denies that Plaintiff is entitled to any form of relief, including any relief sought in Section X of Plaintiff's Amended Complaint.

**SECTION XI – COUNSEL**

Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs A-C of Section XI, and Plaintiff is left to his proofs.

**(SECOND) SUPERSEDING AMENDED COMPLAINT**

**I. JURISDICTION**

1. Defendant does not object to the subject matter jurisdiction of this Court, but denies that Plaintiff states cognizable claims against Defendant under the Eighth Amendment or any other provision of state or federal law. All remaining allegations contained in the Paragraph "Jurisdiction" are denied.

2. Defendant does not object to the subject matter jurisdiction of this Court, but denies that Plaintiff states any cognizable claims against Defendant under the Eighth Amendment or any other provision of state or federal law. All remaining allegations contained in the Paragraph "Jurisdiction" are denied.

**II. VENUE**

3. Defendant does not object to venue.

**III. PARTIES**

4. Upon information and belief, Defendant admits to the allegations contained in Paragraph 4.

5. Defendant denies that its correct legal name is Corizon Medical Services, Corizon Health, Correctional Medical Services or Horizon Medical Services. Defendant states that its correct legal name is Corizon, LLC, and that it has contracted with the MDOC to provide medical services. Defendant denies that, its employees acted with deliberate indifference to Plaintiff. Defendant is without sufficient information to

admit or deny the remaining allegations contained in Paragraph 5, and Plaintiff is left to his proofs.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6, and Plaintiff is left to his proofs.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7, and Plaintiff is left to his proofs.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8, and Plaintiff is left to his proofs.

## IV. <u>FACTS</u>

9. Upon information and belief, Defendant admits the allegations contained in Paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10, and Plaintiff is left to his proofs.

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11, and Plaintiff is left to his proofs.

12. Defendant denies the allegations contained in Paragraph 12 as an inaccurate statement of medicine.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13, and Plaintiff is left to his proofs.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14, and Plaintiff is left to his proofs.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15, and Plaintiff is left to his proofs.

16. Defendant denies the allegations contained in Paragraph 16 because the term "very large number" is uncertain in meaning. All remaining allegations are denied.

17. Defendant denies that any of its medical providers refused Plaintiff medically necessary treatment. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17, and Plaintiff is left to his proofs.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18, and Plaintiff is left to his proofs.

19. Upon information and belief, Defendant admits that Harvoni and Sovaldi are medications that treat HCV. Defendant denies the remaining allegations contained in Paragraph 19 as not medically accurate and dependent on a patient's presentation.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20, and Plaintiff is left to his proofs.

21. Defendant denies that it has refused Plaintiff HCV treatment in deliberate indifference to his serious medical needs. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 21, and Plaintiff is left to his proofs.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies it is refusing Plaintiff's medically indicated treatment for HCV. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 23, and Plaintiff is left to his proofs.

24. Defendant denies that Plaintiff is experiencing negative symptoms from HCV. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 24, and Plaintiff is left to his proofs.

25. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25, and Plaintiff is left to his proofs.

26. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26, and Plaintiff is left to his proofs.

27. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 and all subsections A through H contained in Paragraph 27 and Plaintiff is left to his proofs.

28. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28, and Plaintiff is left to his proofs.

29. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29, and Plaintiff is left to his proofs.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30, and Plaintiff is left to his proofs.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31, and Plaintiff is left to his proofs.

32. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32, and Plaintiff is left to his proofs.

33. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33, and Plaintiff is left to his proofs.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34, and Plaintiff is left to his proofs.

35. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 35, and Plaintiff is left to his proofs.

36. Defendant denies that Plaintiff has been refused medically necessary care for his HCV. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 36, and Plaintiff is left to his proofs.

37. Defendant denies that Plaintiff is being refused medically necessary treatment for his HCV. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 37, and Plaintiff is left to his proofs.

38. Defendant denies the allegations contained in Paragraph 38.

## V. HARMS SUFFERED

39. Defendant denies the allegations contained in Paragraph 39 and all subparagraphs, (a) through (r), contained therein.

## VI. DELIBERATE INDIFFERENCE

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 45, and Plaintiff is left to his proofs.

46. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46, and Plaintiff is left to his proofs.

47. Defendant denies that it or its providers refused to provide appropriate medical care to Plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 47, and Plaintiff is left to his proofs.

## VII. EXHAUSTION

48. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48, and Plaintiff is left to his proofs.

## VIII. CAUSES OF ACTION

49. Defendant reasserts, realleges, and incorporates by reference all responses and objections to the previous paragraphs contained in Plaintiff's Amended Complaint.

50. Count I-Defendant denies the allegations contained in Paragraph 50.

51. Count II-Defendant denies the allegations contained in Paragraph 51.

52. Count III-Defendant denies the allegations contained in Paragraph 52.

53. Count IV-Defendant denies the allegations contained in Paragraph 53.

54. Count V-Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54, and Plaintiff is left to his proofs.

55. Count VI-Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55, and Plaintiff is left to his proofs.

## IX. PRAYER FOR RELIEF

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

## X. AFFIDAVIT REQUIREMENT

No response is required to Section X. To the extent a response is required, Defendant denies the allegations contained in Paragraph X.

## ATTACHMENTS TO THE AMENDED COMPLAINT

To the extent a response is required to the attachments to Plaintiff's Complaint (Doc. 9-1), any allegations contained therein are denied.

## GENERAL DENIAL

To the extent any of the allegations contained in Amended Complaint are not heretofore admitted, denied, or otherwise answered, Defendant denies any and all remaining allegations.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Corizon Health, Inc. and for its affirmative defenses to Plaintiff's Amended Complaint, state as follows:

1. Defendant states that maintenance of this cause of action violates Defendants' rights to due process.

2. Defendant states that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Rule 12 (b), Fed. R. Civ. P.

3. Defendant states that Plaintiff's own negligence contributed to the injuries alleged in his Amended Complaint.

4. Defendant states that Plaintiff's Amended Complaint is frivolous within the meaning of 28 USC § 1915 as Plaintiff has no reasonable likelihood of success on the merits.

5. Defendant states that it is protected from liability and suit by the doctrine of qualified immunity and official immunity.

6. Defendant states that Plaintiff's claims are subject to dismissal as he may not have exhausted all available administrative remedies prior to filing this lawsuit.

7. Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

(a) The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b) The submission and recovery of punitive damages by Plaintiff in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c) The submission and recovery of punitive damages by Plaintiff in this case is barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution, because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d) The submission and recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e) The submission and recovery of punitive damages by Plaintiff in this case is barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f) The award of punitive damages to Plaintiff in this action would constitute a deprivation of Defendant's property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(g) The submission and recovery of punitive damages in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the Unites States and Article I, Section 10 of the Missouri Constitution, because Plaintiff's claim for punitive damages serves no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish Defendant and deter conduct in the future.

8. Should it be determined that Plaintiff is entitled to seek punitive damages against Defendant at trial, Defendant demands a bifurcated trial.

9. Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

10. Defendant claims reliance on the benefits and provisions of Chapters 537 and 538, RSMo., as amended by House Bill 393 on August 28, 2005, including but not limited to, Sections 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

11. Defendant did not violate the United States Constitution or any statutory right under federal or state law.

12. The medical and dental care provided to Plaintiff was within the applicable standard of care.

13. Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

## **Demand for Trial by Jury**

Defendant demands a trial by jury.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant Corizon Health, Inc. requests this Court dismiss Plaintiff's Amended Complaint at Plaintiff's own cost.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO  63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendant Corizon, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 28th day of October, 2016 to the following:

Michael G. Postawko
533578
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO  65101
*Pro Se Plaintiff*

*/s/ Megan Perney*