**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL POSTAWKO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 16-CV-4219-NKL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Edison Hester, a *pro se* inmate in the custody of the Missouri Department of Corrections ("MDOC"), seeks leave to intervene in this class action. For the reasons discussed below, the motion is denied.

**I.     BACKGROUND**

Three inmates in MDOC's custody, Michael Postawko, Christopher Baker, and Michael Jamerson, bring this suit pursuant to 42 U.S.C. § 1983, alleging that they were denied direct-acting antiviral ("DAA") drugs for treatment of their chronic hepatitis C. *See* Docs. 1 and 30. On July 26, 2017, the Court granted Plaintiffs' motion to certify a class consisting of inmates in MDOC custody with chronic hepatitis C who have not received DAA medications. Doc. 174. The Eighth Circuit Court of Appeals granted leave to defendants Corizon, LLC and MDOC to appeal the Court's class-certification decision. Doc. 184. The Court then stayed all deadlines and proceedings pending the Eighth Circuit's decision concerning class certification. Doc. 192.

Mr. Hester filed the instant motion to intervene on December 8, 2017. Doc. 197. Mr. Hester, who has been diagnosed with hepatitis, challenges what he describes as an MDOC representation "to this Court . . . that 13,000 [M]edicaid recipients in the state have hepatitis."

1

Doc. 197, at 1. However, said representation apparently was made in a different case, *J.E.M. v. Tidball*, W.D. Mo., No. 16-4273-SRB. *See* Doc. 197-1, at 3. Indeed, Mr. Hester's motion appears to be directed entirely to that other case. Although Mr. Hester failed to include pleadings with his motion to intervene, the thrust of his complaint as set forth in his motion appears to be that MDOC fails to provide inmates with adequate nourishment and medical treatment, which results in what in effect becomes a death sentence for those with serious illnesses. Mr. Hester asks the Court, *inter alia*, (i) to declare void certain statutory provisions that preclude Social Security and Medicaid benefits for prisoners; (ii) to order the release of prisoners with hepatitis "and/or other deadly diseases"; (iii) to appoint counsel and permit Mr. Hester to appeal from this Court's decision concerning these requests; (iv) to order the transfer of all inmates with hepatitis into federal custody so that they can receive adequate medical care, and to tax Missouri for resulting costs; or (v) to order MDOC to explain "who set in motion" the purported misrepresentation concerning Medicaid benefits for inmates with hepatitis. Doc. 197, at 5-6.

## II. DISCUSSION

The Court must construe a motion to intervene liberally. *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, 716 F.3d 1057, 1065-66 (8th Cir. 2013). Nonetheless, the Court must deny Mr. Hester's motion to intervene for two reasons.

First, Mr. Hester does not suggest that the named plaintiffs are not adequate representatives of the class of inmates to which he purportedly belongs. *See* Fed. R. Civ. P. 24(a) (providing that intervention is not required if "existing parties adequately represent" the proposed intervenor's interest); *Mid-Century Ins. Co. v. Nichols*, Case No. 4:12-CV-235, 2012 WL 2684991 at *2 (E.D. Mo. July 6, 2012) (denying motion to intervene where, *inter alia*, the

proposed intervenor "d[id] not address the interests of defendants . . . in this action and how they differ from" those of the intervenor); *see also In re Uponor*, 716 F.3d at 1066 ("We have . . . presumed that representation is adequate when the individual attempting to intervene is a member of a class already involved in the litigation . . . .") (quotation marks and citation omitted).

Second, Mr. Hester's proposed claims and the Plaintiff's claims do not share a common question of law or fact. *See* Fed. R. Civ. P. 24(b) (providing that the Court may permit intervention if the intervenor "has a claim or defense that shares with the main action a common question of law or fact"). Mr. Hester's complaints concerning nourishment and general medical treatment are not properly raised in this action concerning whether inmates with hepatitis C have a right to administration of DAA medications. *Missouri Coal. for the Env't Found. v. McCarthy*, No. 16-4069-NKL, 2016 WL 3566253, at *5 (W.D. Mo. June 27, 2016) (denying motion to intervene where intervenors' involvement was "more likely to delay and sidetrack this suit") (citing *N. Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 923 (8th Cir. 2015)). Mr. Hester's discussion of Medicaid and Social Security benefits, crime bills, and "warehousing" of prisoners, and the nature of the relief he seeks—from declarations concerning Medicaid and Social Security benefits for Missouri inmates, to the release or transfer of seriously ill inmates, to accountability for a purported misrepresentation by the MDOC—further demonstrate that his complaints are not related to the central issue in this case. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 10-2076, 2014 WL 4851801, at *3 (E.D. Mo. Sept. 29, 2014) (denying motion to intervene where "the overlap of common factual questions . . . [wa]s virtually nonexistent").

### III. CONCLUSION

For these reasons, Mr. Hester's motion is denied.

s/ Nanette K. Laughrey_____  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 24, 2018  
Jefferson City, Missouri