IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL POSTAWKO,
CHRISTOPHER BAKER, and MICHAEL
JAMERSON,
*On behalf of themselves and a class of
similarly situated individuals,*

Plaintiffs,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

Case No. 2:16-cv-04219-NKL

## ORDER

Darrin Walker, a pro se inmate in the custody of the Missouri Department of Corrections ("MDOC"), seeks appointment of counsel and injunctive relief in this class action. For the reasons discussed below, Mr. Walker's motions for appointment of counsel, Doc. 222, and injunctive relief, Doc. 223, are denied.

**I. Background**

Three inmates in MDOC's custody, Michael Postawko, Christopher Baker, and Michael Jamerson, bring this suit pursuant to 42 U.S.C. § 1983, alleging that they were denied direct-acting antiviral ("DAA") drugs for treatment of their chronic hepatitis C ("HCV"). On July 26, 2017, the Court certified a class of plaintiffs comprised of inmates in MDOC custody with chronic HCV who have not received DAA medications. Doc. 174, p. 7. Plaintiffs seek a declaratory judgment that Defendants' "policy of withholding treatment with DAA drugs from inmates diagnosed with HCV violates the Eighth and Fourteenth Amendments" and the Americans with Disabilities Act. Doc. 30 (Second Amended Complaint), ¶¶ 136, 144. Plaintiffs also seek injunctions directing

Defendants to (1) "formulate and implement an HCV treatment policy that meets the prevailing standard of care, including identifying persons with HCV"; (2) "treat members of the Class with appropriate DAA drugs"; and (3) "provide members of the class an appropriate and accurate assessment of the level of fibrosis or cirrhosis they have, counseling on drug-drug interactions, and ongoing medical care for complications and symptoms of HCV." *Id.* Defendants appealed, Doc. 181, and on December 6, 2018, the Eighth Circuit Court of Appeals affirmed class certification in this case. Doc. 215-1.

Shortly thereafter, Mr. Walker filed a declaration, Doc. 221, a motion for appointment of counsel, Doc. 222, and a motion for an injunction ordering "defendants to begin immediate Hepatitis C cure treatment on [him]," Doc. 223, p. 1. Mr. Walker subsequently filed a certificate of service, Doc. 224, and supplement, Doc. 232.

The Eighth Circuit denied Defendants' petition for rehearing and petition for rehearing en banc on January 11, 2019. Doc. 243.

**II. Discussion**

Mr. Walker requests that the Court appoint him counsel in this case or "direct current class Action counsel to represent [him]" in his efforts "to get an Injunction or TRO in order to obtain the Hep C cure, to modify [the] claim[s raised] to include damages awards against defendants on [his] behalf, and to obtain life-saving treatment to include a living donor liver transplant." Doc. 222, p. 1. Mr. Walker also requests that the Court order "defendants to begin immediate Hepatitis C cure treatment on [him]." Doc. 223, p. 1.

However, the Court has certified, and the Eighth Circuit has affirmed, a plaintiff class, under Federal Rule of Civil Procedure 23(b)(2), comprised of "individuals in the custody of MDOC, now or in the future, who have been, or will be, diagnosed with chronic HCV, as that term

is defined medically, but who are not provided treatment with direct acting antiviral drugs." Doc. 174, p. 7. In both of Mr. Walker's pro se motions he concedes that he falls within the class of individuals represented by counsel in this matter[1]—he is confined in the MDOC at Jefferson City Correctional Center and, according to his pleadings, has been diagnosed with chronic HCV. Doc. 221, p. 1; Doc. 222, p. 1; Doc. 223, p. 1.

It is the policy of the Court "not to consider pro se filings when a party is represented by counsel." *United States v. Trimble*, No. 15-4004-01-CR-C-BCW, 2016 U.S. Dist. LEXIS 14277, at *1 (W.D. Mo. Jan. 19, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 14276 (W.D. Mo. Feb. 5, 2016); *United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995) ("[I]t is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel[.]" (quoting *Hoggard v. Purkett*, 29 F.3d 469, 472 (8th Cir. 1994))).

But even if the Court were to construe Mr. Walker's filings as a request to intervene, the Court would deny Mr. Walker's motions because he does not suggest that the named plaintiffs are inadequate representatives of the class of inmates to which he purportedly belongs. *See* Fed. R. Civ. P. 24(a) (providing that intervention is not required if "existing parties adequately represent" the proposed intervenor's interest); *see also In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, 716 F.3d 1057, 1066 (8th Cir. 2013) ("We have . . . presumed that representation is adequate when the individual 'attempting to intervene is a member of a class already involved in the litigation[.]'" (quoting *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)));

---

[1] The Federal Rules do not provide an opportunity for members of a Rule 23(b)(2) class, seeking only declaratory and injunctive relief, to opt out of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011) ("[23](b)(2) does not require that class members be given notice and opt-out rights, presumably because it is thought (rightly or wrongly) that notice has no purpose when the class is mandatory[.]"); *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1035 (8th Cir. 2010) ("[U]nlike Rule 23(b)(3), there is no provision [in 23(b)(2)] for unnamed class members to opt out of the litigation.").

*Mid-Century Ins. Co. v. Nichols*, No. 4:12-CV-235 CAS, 2012 WL 2684991, at *2 (E.D. Mo. July 6, 2012) (denying motion to intervene where the proposed intervenor "failed to address with any specificity why its interest is not adequately represented by the existing parties."). The class representatives here are presumed adequate, given that both the class representatives and Mr. Walker have the same ultimate objective—obtaining HCV treatment with DAA drugs. *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 2325798, at *4 (D. Minn. June 19, 2012), *aff'd*, 716 F.3d 1057 (8th Cir. 2013) (concluding adequate representation where class representatives and proposed intervenor shared the same "ultimate objective").

Mr. Walker's desire to pursue individual monetary damages also does not overcome the presumption of adequate representation. *Jenkins*, 78 F.3d at 1275 ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation."). To the extent that Mr. Walker wishes to pursue monetary damages, he will need to do so in a separate action, on his own behalf.

**III. Conclusion**

For these reasons, Mr. Walker's motions for appointment of counsel, Doc. 222, and for injunctive relief, Doc. 223, are denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 24, 2019  
Jefferson City, Missouri