IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL POSTAWKO, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 16-CV-4219-NKL |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF RULE 30(B)(6) DEPOSITION OF
## DEFENDANT MISSOURI DEPARTMENT OF CORRECTIONS

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), the undersigned will take the deposition upon oral examination of defendant Missouri Department of Corrections ("MDOC"), on November 12, 2019, commencing at 9:30 a.m., or at some other mutually acceptable date and time, at the law offices of American Civil Liberties Union of Missouri Foundation, 906 Olive Street, Suite 1130, St. Louis, Missouri, 63103, or at some other mutually acceptable location. The deposition will take place before a person authorized by law to administer oaths, and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed. The deposition will be recorded via stenographic and videographic means. Pursuant to L.R. 30.1(c)(1), the name, address, and employer of the recording technician or technicians is as follows:

Pohlman Reporting Company LLC
10 South Broadway, Suite 1400
St. Louis, MO 63102

Pursuant to Fed. R. Civ. P. 30(b)(6), MDOC shall designate the person or persons most knowledgeable and prepared to testify on behalf of MDOC concerning the following subject matters.

1

# Definitions

Unless otherwise defined herein, terms shall have the meanings assigned to them in Plaintiffs' First Set of Requests for Production to Defendant Corizon, LLC. In addition, for purposes of this notice of deposition and the request for production set forth below, the following definitions apply:

(a) The term "HCV" shall refer to a patient's infection with the Hepatitis C Virus, active or inactive, and no matter when exposed or how long infected.

(b) The terms "chronic Hepatitis C" and "chronic HCV" shall refer to the infection of a patient who has been infected with HCV for six months or longer.

(c) References to "MDOC" shall refer to Defendant Missouri Department of Corrections, but to the extent responses to any of the listed topics include state functions, agencies, departments, divisions, and/or employees outside the Department of Corrections, references to "MDOC" should be understood to refer to those functions, agencies, departments, divisions, or employees as well.

# Subject Matter for Examination

You are requested to identify one or more officers, directors, or managing agents, or designate other persons who consent to testify on MDOC's behalf regarding information known or reasonably available to MDOC, with respect to the following subject matter:

1. The factual basis for MDOC's Answer to the allegations in Plaintiffs' Second Amended Complaint;

2. The factual basis for MDOC's Affirmative Defenses to the allegations in Plaintiffs' Second Amended Complaint;

1

3. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment;

4. MDOC's Initial Disclosures pursuant to Rule 26(a)(1) in this matter, served on March 31, 2017;

5. MDOC's Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories to Defendants MDOC and Anne Precythe, and Responses and Objections to Plaintiffs' First, Second, Third, Fourth, and Fifth Sets of Requests for Production to Defendant MDOC (collectively, the "Discovery Responses") in this matter;

6. MDOC's budget or budgets for HCV screening, testing, monitoring, treatment, symptom management, and patient education and counseling for individuals in MDOC custody, from January 1, 2011 to present, and the time period covered by each budget;

7. The name(s) of all person(s) responsible for formulating, managing, overseeing, and/or implementing the budget(s) referenced in Paragraph 6;

8. MDOC's involvement in the appropriations process with respect to its overall budget, including any budget for HCV treatment for individuals in MDOC custody and including the identity of individuals involved in the appropriations process as it relates to MDOC's budget, from January 1, 2011 to present;

9. The names, job titles, and responsibilities of all MDOC employees who, as of the date of this notice, are involved in the oversight and/or provision of HCV screening, treatment, and/or monitoring, including but not limited to Joan Reinkemeyer, Director of the Division of Offender Rehabilitation Services, Deloise Williams, and other senior administrative staff, contract

2

Case 2:16-cv-04219-NKL   Document 390   Filed 10/22/19   Page 3 of 10

monitoring staff in the Medical Services section of the Division of Offender Rehabilitation Services, and any clinical staff employed by MDOC;

10. The history of MDOC's provision of healthcare services to individuals in its custody, including the time period during which those services have been provided by Defendant Corizon LLC ("Corizon") and/or any other private company, and the reason(s) MDOC began and continues to contract with a private company to provide such services;

11. MDOC's 2014 medical services contract with Corizon, produced in conjunction with MDOC's Discovery Responses and Bates labeled MDOC 1-1811, and/or any amendments thereto, including but not limited to documents Bates labeled MDOC 024619-660, MDOC 024820-829, and MDOC 025852-56, and any more recent contract(s) or agreement(s), formal or informal, written or otherwise, with Corizon for the provision of medical services in MDOC facilities and/or to individuals in MDOC's custody;

12. The RFP drafting process and, if any, bidding process preceding the award of MDOC's 2014 medical services contract with Corizon, including but not limited to the identity of any businesses or organizations other than Corizon who competed, bid, or offered to provide healthcare services to individuals in MDOC custody, in whole or in part;

13. The names, job titles, and responsibilities of the person(s) responsible, in whole or in part, for overseeing MDOC's 2014 medical services contract and relationship with Corizon, including but not limited to any person(s) with responsibility for negotiating, overseeing, and/or implementing any amendments to the 2014 medical services contract;

14. MDOC's policies regarding or mechanisms for evaluating and/or measuring Corizon's performance of its duties as set forth in the 2014 medical services contract, including any amendments thereto, or any previous contracts between MDOC and Corizon or its

3

predecessor(s) or any other private company providing healthcare to individuals in MDOC custody;

15. The names, job titles, and responsibilities of the person(s) responsible, in whole or in part, for any evaluation or measurement described in Paragraph 14;

16. The results of any evaluation or measurement described in Paragraph 14, in whatever form(s) those results are kept and/or used by MDOC, and how those evaluations or measurements are used by MDOC;

17. To the extent not already captured in Paragraphs 9 and/or 15, the names, job titles, and responsibilities of the contract monitoring staff of the Medical Services section of the Division of Offender Rehabilitative Services and/or any other MDOC or state government employees who are tasked with ensuring that individuals in MDOC custody "receive medical care that is equivalent to the community standard and that all mandates of the contract are fulfilled"[1];

18. Any requirements that Corizon report information and/or statistics to MDOC and the results or reports generated in response to any such reporting requirements, to the extent they relate to HCV-positive individuals in MDOC custody and/or HCV screening, testing, education, monitoring, and/or treatment;

19. MDOC's relationship with Corizon with regard to establishing policies, procedures, and/or protocols, formal and informal, written or otherwise, for the screening, testing, education, monitoring, and/or treatment of HCV-positive individuals in MDOC custody, and the process for developing, reviewing, approving, implementing, or enforcing such policies, procedures, and/or protocols, including whether and the extent to which MDOC relies, in whole or in part, on Corizon's policies, procedures, and/or protocols;

---

[1] *See* https://doc.mo.gov/divisions/rehabilitative-services.

4

20. MDOC's relationship with Corizon with regard to making treatment decisions for or related to HCV-positive individuals in MDOC custody, including whether and the extent to which MDOC relies on Corizon's treatment decisions and/or has any independent authority to question, challenge, override, and/or review such decisions;

21. MDOC's policies and procedures, formal and informal, written and otherwise, and practices regarding screening or testing of inmates for HCV, from January 1, 2014 to present, including whether and to what extent MDOC relies, in whole or in part, on Corizon's policies, procedures, and/or practices;

22. MDOC's policies and procedures, formal and informal, written and otherwise, and practices regarding the tracking or monitoring of HCV-positive inmates, including but not limited to the compilation of any data regarding HCV-positive inmates or the screening, testing, education, monitoring, and/or treatment of same, from January 1, 2014 to present, including whether and to what extent MDOC relies, in whole or in part, on Corizon's policies, procedures, and/or practices;

23. Any training, educational, or counseling materials related to HCV provided by MDOC to its employees or staff, or to Corizon or its staff, or to individuals in MDOC custody, from January 1, 2014 to present;

24. Any negotiations regarding and/or purchase of any HCV treatment medications or regimens, including but not limited to pegylated interferon alpha 2a, ribavirin, Harvoni, Viekira Pak, Technivie, Vosevi, Epclusa, Mavyret, Sovalidi, Vosevi, Daklinza, and/or Zepatier, which MDOC oversaw or in any way participated;

25. Any negotiations regarding the agreement between MDOC and the Minnesota Multi-State Contracting Alliance for Pharmacy (MMCAP), Bates labeled MDOC 024820-24829;

5

26. The names, job titles, and responsibilities of individuals who participated in the negotiations and/or purchases described in Paragraphs 24 and/or 25, above;

27. MDOC's policies and procedures, formal and informal, written and otherwise, and practices regarding review of "kites," medical services requests/health services requests, inmate information resolution requests, grievances, or grievance appeals, from January 1, 2011 to present, relating or referring to HCV, symptoms that may be attributable to HCV irrespective of whether HCV is named, and/or HCV treatment medications or regimes, including but not limited to pegylated interferon alpha 2a, ribavirin, Harvoni, Viekira Pak, Technivie, Vosevi, Epclusa, Mavyret, Sovalidi, Vosevi, Daklinza, and/or Zepatier;

28. MDOC's policies and procedures, formal and informal, written and otherwise, and practices regarding discharge planning for inmates with chronic HCV, including but not limited to referrals to Medicaid or Medicare;

29. Other lawsuits, filed between January 1, 2012 and present, in which MDOC or its Director is a named party and which relate to claims of deliberate indifference to a serious medical need in the prison or jail context;

30. The name, address, and telephone numbers for all custodians of the documents produced by MDOC in conjunction with its Discovery Responses;

31. MDOC's administrative structure, organizational structure, and management structures, between January 1, 2014 and the present; and

32. MDOC's organizational and operational relationship with defendant Corizon relating to the provision of medical care to individuals in MDOC custody.

Dated: October 22, 2019

Respectfully submitted,

By: /s/ Amy E. Breihan
Anthony E. Rothert, #44827
Jessie Steffan, #64861
Omri E. Praiss, #41850
American Civil Liberties Union
of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63108
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278
American Civil Liberties Union
of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
Fax: (314) 652-3112
gwilcox@alcu-mo.org

Amy E. Breihan, #65499
Megan G. Crane, #71624
RODERICK & SOLANGE
MACARTHUR JUSTICE CENTER
3115 South Grand Blvd., Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547
amy.breihan@macarthurjustice.org
megan.crane@macarthurjustice.org

Elizabeth L. Henthorne (*pro hac vice*)
Amelia I. P. Frenkel (*pro hac vice*)
Anastasia M. Pastan (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
Wilkinson Walsh + Eskovitz, LLP
2001 M Street NW
10th Floor
Washington, DC 20036
Phone: (202) 847-4000
Fax: (202) 847-4005
bhenthorne@wilkinsonwalsh.com

7

afrenkel@wilkinsonwalsh.com
apastan@wilkinsonwalsh.com
tmatthewsjohnson@wilkinsonwalsh.com

Meghan C. Cleary (*pro hac vice*)
Wilkinson Walsh + Eskovitz, LLP
130 West 42nd Street, Suite 1402
New York, NY 10036
Direct: (424) 291-9669
Fax: (202) 847-4005
mcleary@wilkinsonwalsh.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2019, the foregoing *Notice of Rule 30(b)(6) Deposition of Defendant Missouri Department of Corrections* was filed using the Court's electronic case filing system and served in PDF and MS Word format via email to:

ERIC S. SCHMITT, Attorney General
John W. Taylor
Jennifer Baumann
Jason K. Lewis
Assistant Attorneys General
815 Olive Street
Saint Louis, MO 63101
Phone: (314) 340-7861
Fax: (314) 340-7029
John.Taylor@ago.mo.gov
Jennifer.Baumann@ago.mo.gov
Jason.lewis@ago.mo.gov

Justin D. Smith
Deputy Attorney General for Special Litigation
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-0304
Fax: (573) 751-0774
Justin.Smith@ago.mo.gov
*Counsel for defendants MDOC, Precythe, and Hardy*

Dwight A. Vermette
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
dav@eckenrode-law.com

William R. Lunsford
Matthew B. Reeves
Maynard, Cooper & Gale, P.C.
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
*Counsel for defendant Corizon, LLC*

By: /s/ Amy E. Breihan

9